### STATE *vs.* HENRY TAFF.

The selectmen of a town laid·out a highway, and made their report to a town meeting, which passed a vote accepting the highway, but the action of the town was inoperative because no notice of such action was given in the warning of the meeting. In a prosecution for a nuisance upon the highway the attorney for the state, for the purpose of proving the legal existence of the highway either by laying out or by dedication, offered in evidence the proceedings of the selectmen and the town, to which the defendant objected. The court admitted the evidence, but afterwards charged the jury that they could examine the call for the meeting and if they should find that no notice was given of any action of the town with regard to the laying out or dedication of such highway, then the proceedings would be inoperative with regard to such laying out or dedication. Held that, though the proceedings of the town should have been excluded as evidence, yet under the charge the defendant could have sustained no injury by their admission, and a new trial should not be granted in his favor.

The court also charged that an original dedication of land for a highway may be inferred as matter of law, and that where land has been thrown open to the public for a time beyond memory, and the public have during all the time used it as a public highway, the presumption of an original dedication is

almost irresistible; and that if the jury were satisfied that the land had been clearly and intentionally dedicated by the owner as a public highway, the use of it as a highway by the public for a period of six or eight years would be a sufficient acceptance. Held—that in the language used there was a lack of clear discrimination between the question of dedication as one of fact and the question as one of law, and that great care should be taken to avoid the use of language open to possible misconstruction in such cases, but that, taking the whole charge together, the jury could not be supposed to have been misled in the matter.

The town had voted, at a town meeting in the year 1677, that the land over which the way in question ran should "lie common and not be used for any other purpose without the consent of every individual proprietor." Held—1. That if the land belonged to the original proprietors and not to the town, the vote was inoperative. 2. That if the land belonged to the town the vote could not estop the town from afterwards claiming the land and dedicating it to public use as a highway. 3. That the use of the land as a common could not be regarded as excluding all inference of a dedication of the land to the public for a highway arising from the public use of the same as a highway.

COMPLAINT by a grandjuror to a justice of the peace, charging the defendant with maintaining a common nuisance upon a public highway in the town of Stamford by placing a building thereon by which the highway was obstructed; appealed by the defendant to the Superior Court, and tried to the jury, on the plea of not guilty, before *Minor, J.*

Upon the trial the attorney for the state, to prove the existence of the highway in question, offered in evidence a copy of the town records of the town of Stamford, purporting to be a survey, description, and lay-out of a highway by the selectmen of the town in 1855 at the place in question, which was upon and over uninclosed land adjoining Stamford harbor, together with a copy of the records of the annual town meeting held in Stamford in October, 1855, showing that at the meeting a vote was passed accepting the laying out of the highway; but the attorney did not offer the call of the meeting in evidence, and it did not appear by the copy of the records, nor in any other way, that the owners of the land through which the highway was claimed to have been laid out were notified to be present, or were present, when the lay-out was made, nor that the damages done to such owners were in any way agreed upon or ascertained, or satisfaction made therefor; and for these reasons the defendant objected

to the admission of the evidence. He furthermore offered to show that the call of the town meeting contained no reference to the matters aforesaid, but the attorney for the state in the presence of the court and jury admitted the fact to be so.

The attorney for the state claimed that the objections made were immaterial, on the ground that the town was the lawful owner of the land in question, which the defendant denied.

The attorney also claimed that if the highway was not lawfully laid out by this action of the selectmen and town, it had nevertheless become a lawful highway by a dedication of the land by the town to the public use as a highway by the same proceedings, and by an acceptance thereof by the public, and offered the copy of the lay-out and record in evidence for the further purpose of showing such dedication. The defendant objected to the evidence when offered for this purpose, for the same reasons as before, and also because, as he claimed, the town was not the owner of the land. The court admitted the evidence, but charged the jury " that unless the town meeting was called for that purpose the lay-out could not be lawfully accepted, and that unless the meeting was called for the purpose it could not lawfully dedicate land to the public use for a highway, and that the jury might examine the call for the meeting, which would be before them, and if they should find that it was not called for the purpose of accepting the highway, then the action of the town meeting in accepting the highway was illegal and void, and if it was not called for the purpose of dedicating the highway to the public, then there was and could be no legal dedication of the highway by the meeting."

To show that the title to the land in question, and the original title to all the lands embraced in the township, was in the town of Stamford, the attorney for the state offered in evidence a large amount of documentary and historical proof, which in the view of the case taken by the court it is not necessary to state, to the admission of all which for the purpose of showing that the town of Stamford had title to the land in question, the defendant objected, but the court admitted it.

The defendant claimed that the original title to all the common and undivided lands in Stamford, including the land in question, was vested in the Proprietors of Common and Undivided Land, and laid in a large amount of documentary evidence not necessary to be stated, and asked the court to charge the jury that the evidence so laid in showed that the title was not in the town of Stamford, but was vested in the Proprietors.

The court did not so charge the jury, but instructed them, *pro formâ,* " that the title to the common and undivided lands in the town of Stamford was by virtue of the original deeds from the Indian proprietors and of the patent from the state vested in the town of Stamford."

The attorney for the state introduced evidence to prove the existence of an old traveled path over the same tract of land, commencing at the eastern terminus of the present alleged highway, and running in a westwardly course to the road leading from Stamford to Old Greenwich, substantially in the same place as the present alleged highway, and to show that that old traveled path had been used by the public as a public highway from the time when the memory of man runneth not to the contrary down to the present time; and claimed from such evidence that there was an ancient dedication by the owners of the land, for the purposes of a public highway, of the land used for such traveled path, and an acceptance by the public; and also claimed that the town was the owner of the land in question.

The defendant denied the existence of any ancient highway at the place in question, and offered evidence to prove, and claimed that he had proved, that if any such highway ever existed it was farther to the north than the present alleged highway, and that the building could have been no obstruction to the ancient highway, and that the part of the ancient highway westward of the dwelling-house had been inclosed by the selectmen of the town, or under their direction, as a part of a park or common in 1855, or shortly thereafter, and had remained inclosed and been disused as a highway since that time.

⌐ And the defendant claimed, and asked the court to charge the jury, that no dedication could be inferred against the town, and that if there had been or could be an ancient highway by dedication where the attorney for the state claimed that it was, the disuse and inclosure thereof at the time and in the manner stated, with an entire cessation of the travel thereon since, in connection with the use of another alleged highway in lieu thereof, was sufficient evidence of the abandonment of the original highway by the public, and that, at any rate, if the jury should fail to find the present alleged highway to be a lawful highway, the defendant could not be found guilty of an obstruction to the ancient highway, when the same was so inclosed that it could not be used and was not used by the public.

The defendant also offered in evidence the following vote of the town, passed in a town meeting held on the 1st day of February, 1677, which it was admitted had reference to the land in question : "1 Feb. 1677. *Voted,* That all that land from the bridge by the mill unto the brook commonly called Hardy's Hole, to ye cart path west and ye river east, shall lye comon, not to be disposed, nor any part of it, to any other use without the consent of every individual proprietor." The defendant claimed to the jury that this vote was proof of the purpose to which the land had been originally set apart by the proprietors and that it had so remained, and he claimed, and asked the court to charge the jury, that the vote estopped the town of Stamford from claiming any title or interest in the land, or in any way controlling the same, and also repelled any inference that might otherwise be drawn of a dedication thereof as a highway, and that, if the jury should find that this was the origin of the use of the land by the public, since they had no right to infer a dedication to a purpose different from that so proved, the town was thereby estopped from dedicating the land to the public use as a highway ; and that, in order to find a dedication to the public use as a highway, they must find proof of such facts as showed a clear intent on the part of the owners of the soil to so dedicate the same, and that they would not be justified

in finding such intent from the mere use of the land by the public in traveling over it, especially if, as was here claimed, there was evidence to repel any presumption of such intent.

The court, after stating the various claims of the parties, charged the jury as follows:

"A public highway may be created by dedication and acceptance. The question of dedication is one of intent. If the owners of the land in question clearly intended to dedicate it to the public as a highway, and did so in fact dedicate it and throw it open to public use, and the general public have accepted it, that is, have used it for a great number of years, and now use it as a public highway, and the same is of common convenience and necessity, then it is a public highway; and a town being the owner of land, can, as well as any other owner, dedicate the same as a public highway.

"If the jury are satisfied that the premises in question were clearly and intentionally dedicated by the owners thereof as a public highway, then the use thereof as a public highway by the general public, for a period of six or eight years, will be a sufficient acceptance.

"An original dedication may be inferred as matter of law. Where land has been thrown open to the public for a great number of years, for a time whereof the memory of man runneth not to the contrary, and the general public have, during all of that time, used the same as a public highway, the presumption of an original dedication is almost irresistible; and if you are satisfied that, as the attorney for the state claims, there was an ancient public highway running in substantially the same place as the present highway, on which the claimed obstruction stands, and that the same has been used by the general public as a public highway, then an original dedication may be inferred, and you may take into consideration the ancient use of the highway, as well as its use down to the present time, on the question of its acceptance.

"And if you are satisfied that the premises in question have been dedicated by the owners thereof to the public to be used as a public highway, and that the public have accepted the same, and that it had continued to be a public

highway down to the commencement of this action, and the highway has been obstructed by the building of the accused, then it will be your duty to bring in a verdict of guilty."

In reference to said town vote the court told the jury " that as the town were the owners of the land in question they were not thereby estopped from claiming any title or interest in the land, or from dedicating the same as a highway, and that the vote would not repel an inference of dedication that might be properly drawn from other testimony, but that the jury might properly consider the vote as to the question of interest on the part of the town in so dedicating the premises as a public highway."

The jury found the defendant guilty, and he moved for a new trial for error in the rulings and charge of the court.

*Curtis* and *Woodward*, in support of the motion.

*Olmstead*, with whom was *White*, contra.

PARK, J. The public had been in the quiet and uninterrupted use of the way in question as a public highway for a period of nearly fourteen years next preceding the commencement of proceedings against the defendant, and their user appears in the case without any explanation on the part of the owner tending to rebut the inference of a dedication of the way to public use as a highway. Evidence arising from these facts was mainly relied upon by the state, in the court below, to prove the existence of the highway in question by dedication when the defendant committed the acts complained of.

It was conceded on the trial that the way was not legally laid out by the town as a highway, although it attempted so to do in 1855. During that year the selectmen of the town laid out the way, and their action was approved and ratified in town meeting, but the warning for the meeting did not state that the voters of the town would be called upon to act on the matter; and the doings of the town meeting were therefore inoperative. The counsel for the state admitted these

facts in the presence of the court when objection to the evidence was made, and therefore the technical error committed by the court in allowing the action of the town meeting to go to the jury to be considered by them in connection with the warning, after stating to them that it was necessary in order to establish a legal lay-out of the way that the warning of the meeting should contain a notification of such proposed action, could not have injured the defendant. The court ought to have excluded the evidence from the consideration of the jury, but we are satisfied that the action of the court under the circumstances must have been harmless, and therefore a new trial should not be advised on account of the technical error of the court in this particular.

The action of the selectmen and the doings of the town upon this subject were further offered in evidence to show a dedication of the way to public use as a highway; not that the town voted directly to so dedicate the way, but that their action in accepting the doings of the selectmen in laying out the way had that effect. The charge of the court upon this point was favorable to the defendant, provided the town was the owner of the land over which the way was attempted to be laid.

It is manifest that the town supposed it was the owner of the land, for when the selectmen laid out the way they cited no parties before them to be heard in relation to the matter; neither did they appraise any land damages to any one on account of the way, but they acted precisely as they would have acted if the town was the owner of the land.

The state claimed upon the trial that the town was the owner and offered record evidence to that effect, and the court decided the question, *pro formâ*, in favor of the state; but whether the claim of the state and the decision of the court were correct upon this question we deem it unnecessary to determine, for we think it clearly appears that the jury must have found that the way was dedicated to the public for a highway by whomsoever was the owner; and therefore the decision of the court upon this question could not have injured the defendant, whether the town was the owner of the

land or not. If the ownership of the land was in the proprietors of the common and undivided lands of the town, as the defendant claimed, it is manifest that the evidence of a dedication of the way by them to public use as a highway, arising from the long continued and uninterrupted use of the same by the public as a highway, without any explanation of the use consistent with non-dedication of the same, was as strong and conclusive that they had so dedicated the way, as it would have been that the town had so done provided the land had belonged to the town. We think it therefore a matter of no importance in this case whether the town or the proprietors were the owners of the land, for the jury must have found, under the charge of the court upon this subject, that the land was dedicated to the public for the purposes of a highway by whichever of these parties may have been the owner.

We are not called upon to consider the weight of the evidence. It was clearly admissible, and important to be considered by the jury upon the question of dedication, but whether it was strong enough to justify the jury in coming to the conclusion they did is no part of the present inquiry.

But it is said that the court misdirected the jury in the charge upon the question of dedication. That part of the charge complained of is as follows : " Where land has been thrown open to the public for a great number of years, for a time whereof the memory of man runneth not to the contrary, and the general public have during all of that time used the same as a public highway, the presumption of an original dedication is almost irresistible ; and if you are satisfied, as the attorney for the state claims, that there was an ancient public highway running in substantially the same place as the present highway, on which the claimed obstruction stands, and that the same has been used by the general public as a public highway, then an original dedication may be inferred," &c.

It is said that the expression, " the presumption of an original dedication is almost irresistible," gave the jury to understand that this was so as a matter of law and not as a matter

of fact. But we think the jury must have understood the court to mean by the expression that the force of the evidence on the question of fact for them to consider was almost irresistible in the opinion of the court, for in the latter part of the charge quoted, and in other clauses of the general charge, the court expressly submits to the jury the question of dedication as a question of fact. We see in this objection no substantial cause for a new trial, although the language of the court was doubtless unfortunate. Great care should be taken in submitting questions of fact for the consideration of the jury. They should be clearly stated, so as not to be open to objections of this character.

Great reliance seems to be placed by the defendant for a new trial upon the vote of the town, passed in town meeting on the first day of February, 1677, in which it is declared that the land over which the highway in question runs shall lie common, and shall not be used for any other purpose without the consent of every individual proprietor. It is said that the vote estops the town from claiming any interest in the land, and repels any inference of a dedication thereof as a highway on the part of the town or of the proprietors.

It is difficult to see what foundation there is for this claim, so far as it applies to the case tried by the court below.

If the land belonged to the town, the inference of an acknowledgment by the vote that the land belonged to the proprietors could not estop the town from subsequently claiming the land and dedicating it to public use as a highway. If the land belonged to the proprietors, the vote of the town was nugatory. On a question of ownership, whether in the town or proprietors, the vote might be important evidence for the proprietors; but we have seen that that question is not necessary to be determined in this case. The use of land as a public common is very different from the use of a way as a public highway. The uses have but little in common, and we think the court did not err in refusing to charge the jury as requested by the defendant, that as a matter of law the use of the land as a common rebutted all inference of a dedication of the way to the public for the purposes of a

highway, arising from the use of the same as a highway. The question was one of fact for the jury to determine from all the facts and circumstances of the case.

On the whole we are satisfied that a new trial ought not to be advised.

In this opinion the other judges concurred.*

---

* This case and the remaining cases of the term were heard at an adjourned session, at which Judge PARDEE of the Superior Court sat in the place of Judge FOSTER, who was absent.